RB:MEC:mec
F.#2008R02244

FILED
CLERK

2012 OCT -2 PM 4: 14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   -against-

TROY D. STEVENS, JR.,

      Defendant.   IRIZARRY, J.

SCANLON, M.J.

I N D I C T M E N T

CR 12 - 0634

(T. 18, U.S.C., §§
981(a)(1)(C), 982,
1344 and 3351 et seq.;
T. 21, U.S.C., § 853(p);
T. 26, U.S.C., §§ 7206(1)
and 7206(2); T. 28, U.S.C.,
§ 2461(c))

- - - - - - - - - - - - - - - -X

THE GRAND JURY CHARGES:

        At all times relevant to this Indictment, unless

otherwise indicated:

INTRODUCTION

I.   The Kinpit Partnership
    and the St. Johns Partnership

   A.   The Kinpit Partnership

       1.  Kinpit Associates, L.P., formerly known as Kinpit

Associates, was a New York limited partnership (the "Kinpit

Partnership"). Between 1974 and 2012, the Kinpit Partnership

managed and owned residential rental property (the "Kinpit

Premises") pursuant to a written, limited partnership agreement

(the "Genuine Kinpit Partnership Agreement").

2. The defendant TROY D. STEVENS, JR. was a general partner in the Kinpit Partnership, which also had several limited partners.

B. The St. Johns Partnership

3. St. Johns I Associates was a New York limited partnership (the "St. Johns Partnership"). Between 1981 and 2012, the St. Johns Partnership managed and owned residential rental property (the "St. Johns Premises") pursuant to a written, limited partnership agreement (the "St. Johns Partnership Agreement").

4. The defendant TROY D. STEVENS, JR. was a general partner in the St. Johns Partnership, which also had several limited partners.

II. The Defendant's Scheme to Defraud
    North Fork Bank and Capital One Bank

A. North Fork and Capital One

5. Between 2000 and 2008, North Fork Bank ("North Fork"), was a federally-insured financial institution, which was located in Melville, New York. In 2008, North Fork Bank was acquired by Capital One Bank NA ("Capital One"), which was a federally-insured financial institution with its headquarters in McLean, Virginia.

B.    The Genuine and
      Fake Kinpit Partnership Agreements

        6.    Under the Genuine Kinpit Partnership Agreement, the
defendant TROY D. STEVENS, JR. was authorized to refinance the
Kinpit Premises only with the approval of fifty-one percent of
the limited partners.

        7.    Between approximately 2000 and 2005, without the
knowledge and approval of the limited partners, STEVENS created a
fake written limited partnership agreement for the Kinpit
Partnership (the "Fake Kinpit Partnership Agreement"). The Fake
Kinpit Partnership Agreement stated that the approval of fifty-
one percent of the limited partners was not required in order to
refinance the Kinpit Premises.   Instead, the Fake Partnership
Agreement stated that STEVENS alone was authorized to refinance
the Kinpit Premises.

C.    The North Fork Loans Obtained
      By the Defendant Through the
      Use of the Fake Kinpit Partnership Agreement

        8.    Between approximately 2000 and 2005, the defendant
TROY D. STEVENS, JR. fraudulently obtained six loans and
mortgages for the Kinpit Partnership (the "Kinpit Loans").   In
connection with the Kinpit Loans, STEVENS submitted to North
Fork: (1) the Fake Kinpit Partnership Agreement; and (2) consent
forms falsely stating that he was acting with the authority of

the Kinpit Partnership.  On behalf of the Kinpit Partnership,
STEVENS obtained the Kinpit Loans on the dates indicated and in
the amounts set forth below:

| Date | Amount |
|---|---|
| July 7, 2000 | $2,600,000 |
| March 8, 2001 | $500,000 |
| March 14, 2002 | $3,475,000 |
| May 16, 2003 | $650,000 |
| October 14, 2003 | $4,600,000 |
| May 9, 2005 | $600,000 |

        9.   The March 14, 2002 Kinpit Loan consisted of a new
loan of $429,377.30 together with a consolidation of the pre-
existing Kinpit Loans.

        10.  The October 14, 2003 Kinpit Loan consisted of a new
loan of $533,765.60 together with a consolidation of the pre-
existing Kinpit Loans.

        11.  In approximately June 2011, STEVENS and the Kinpit
Partnership defaulted on the October 14, 2003 and the May 9, 2005
Kinpit Loans for failing to make monthly principal and interest
payments.  As of February 1, 2012, the outstanding amount owed on
the Kinpit Loans was approximately $4,800,393.

III. The Defendant's Filing of
     False Individual Tax Returns

      12.   For the tax years 2003, 2004 and 2005, the
defendant TROY D. STEVENS, JR. filed false tax returns by failing
to declare and to pay income taxes on money he funneled out of
the Kinpit Partnership and the St. Johns partnership into his
personal bank accounts.

     A.   The Funneling of Kinpit Partnership
        and St. Johns Partnership Funds
        Through the Dawmich Account to Stevens

      13.   STEVENS owned and operated Dawmich Industries, Inc.
("Dawmich"), a building maintenance company.  Dawmich maintained
an account at Chase Bank (the "Dawmich Account").  The funds in
the Dawmich Account consisted, in part, of compensation for
services rendered by Dawmich to the Kinpit Partnership and to the
St. Johns Partnership.

      14.   Between approximately 2003 and November 2011,
STEVENS regularly transferred the above-described funds from the
Dawmich Account to his personal account which he jointly held
with his spouse at Chase Bank (the "STEVENS Chase Account").

B.   The Funneling of St. Johns
     Partnership Funds Directly to Stevens

15.   Between approximately 2004 and 2005, STEVENS also
deposited a series of checks drawn from the St. Johns Partnership
account at HSBC Bank into several of his personal accounts at
Capital One Bank and HSBC Bank (the "STEVENS Capital One/HSBC
Accounts").

C.   STEVENS's False IRS Forms 1040

16.   On or about the dates listed below, at the
locations indicated, STEVENS failed to report as income on his
United States Internal Revenue Service ("IRS") Individual Income
Tax Return Form 1040s ("IRS Forms 1040"), for the tax years 2003,
2004 and 2005, the funds deposited into the STEVENS Chase Account
and the STEVENS Capital One/HSBC Accounts in the amounts
indicated below:

| Tax Year | Approximate Date Filed And Location Of Filing | Taxable Income Reported On IRS Form 1040 | Unreported Income |
|----------|-----------------------------------------------|------------------------------------------|-------------------|
| 2003 | December 23, 2008, Holtsville, New York | $0 | $399,000 |
| 2004 | January 8, 2009, Holtsville, New York | $0 | $618,053 |
| 2005 | June 7, 2010, Kansas City, Missouri | $0 | $390,000 |

## COUNTS ONE THROUGH THREE
(Bank Fraud)

17.    The allegations contained in paragraphs 1 through 16 are realleged and incorporated as though fully set forth in this paragraph.

18.    In or about and between 2000 and 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant TROY D. STEVENS, JR. did knowingly and intentionally execute a scheme and artifice to defraud a financial institution, to wit, Capital One, formerly North Fork, the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain money, funds and credit owned by and under the custody and control of said financial institution by means of materially false and fraudulent pretenses, representations and promises.

19.    On or about the dates set forth below, for the purpose of executing the scheme and artifice, the defendant together with others, obtained the following Kinpit Loans:

| Count | Date | Amount of Loan |
|-------|------|----------------|
| One | May 16, 2003 | $650,000 |
| Two | October 14, 2003 | $4,600,000 |
| Three | May 9, 2005 | $600,000 |

(Title 18, United States Code, Sections 1344 and 3551 et seq.)

## COUNTS FOUR AND FIVE
(Making and Subscribing
to False Individual Tax Returns)

20.    The allegations contained in paragraphs 1 through 16 are realleged and incorporated as though fully set forth in this paragraph.

21.    On or about the dates listed below, within the Eastern District of New York and elsewhere, the defendant TROY D. STEVENS, JR. did knowingly and willfully make and subscribe the IRS Forms 1040 for the tax years identified, filed with the IRS Centers indicated, which were each verified by a written declaration that was made under the penalties of perjury and which STEVENS then and there well knew and believed was not true and correct as to every material matter.  Specifically, the IRS Forms 1040 included false entries for taxable income, when the defendant then and there well knew and believed that he earned well in excess of that amount of income, and owed well in excess of the stated amount of taxes.

| Count | Tax Year | Approximate Date Filed and Location of Filing | Taxable Income Reported on IRS Form 1040 | Unreported Income | Tax Due and Owing |
|-------|----------|-----------------------------------------------|------------------------------------------|-------------------|-------------------|
| Four | 2003 | December 23, 2008, Holtsville, New York | $0 | $399,000 | $10,686 |
| Five | 2005 | June 7, 2010, Kansas City, Missouri | $0 | $390,000 | $149,350 |

(Title 26, United States Code, Section 7206(1); Title 18, United States Code, Sections 3551 et seq.)

## COUNT SIX
### (Aiding and Assisting in the Preparation of a False Individual Tax Return)

22.    The allegations contained in paragraphs 1 through 16 are realleged and incorporated as though fully set forth in this paragraph.

23.    On or about January 8, 2009, within the Eastern District of New York and elsewhere, the defendant TROY D. STEVENS, JR. did knowingly and willfully aid and assist in and procure, counsel and advise the preparation and presentation to the IRS, under the internal revenue laws, of a return, affidavit, claim and other document, to wit: the defendant's IRS Form 1040 for the 2004 tax year, filed in Holtsville, New York, which was false and fraudulent as to material matters, in that the return claimed "$0" taxable income, when, as the defendant then and

there well knew and believed, he earned well in excess of that amount of income and owed well in excess of the stated amount of taxes.

(Title 26, United States Code, Section 7206(2); Title 18, United States Code, Section 3551 et seq.)

<u>CRIMINAL FORFEITURE ALLEGATIONS AS TO COUNTS ONE THROUGH THREE</u>

24.  The allegations contained in paragraphs 1 through 16, 18 and 19 are realleged and incorporated as though fully set forth in this paragraph.

25.  The United States hereby gives notice to the defendant TROY D. STEVENS, JR. charged in Counts One through Three that, upon his conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of any such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses.

26.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

11

        (c)   has been placed beyond the jurisdiction of the court;

        (d)   has been substantially diminished in value; or

        (e)   has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

        (Title 28, United States Code, Section 2461(c); Title 18, United States Code, Sections 981(a)(1)(C) and 982; Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

# UNITED STATES    DISTRICT COURT

### EASTERN DISTRICT of NEW YORK

### Criminal Division

## THE UNITED STATES OF AMERICA

### TROY D. STEVENS, JR.

#### Defendant.

## I N D I C T M E N T

Cr. No. _____

(T. 18, U.S.C., §§ 981(a)(1)(C), 982, 1344 and
3551 et seq.; T. 21, U.S.C., § 853(p);
T. 26, U.S.C., § 7206(1) and 7206(2);
T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
                                                    *Foreman*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
                                                    *Clerk*

*Bail, $* _____

*AUSA Martin E. Coffey, (718) 254-6157*